## STATE *v.* BLAISDELL.

A full pardon, granted after a convict has suffered the entire punishment imposed on him upon his conviction, removes the common law disability of incompetency as a witness.

Such pardon is properly proved by the production of the charter of pardon itself, under the great seal of the State.

The statute of 1849 did not authorize selectmen to grant licenses for the sale of spirituous liquors separately from wine ; and it is therefore sufficient for an indictment under it to negative the existence of a license to the respondent to sell wine and spirituous liquors, that being the only license which could lawfully be granted.

State *v.* Blaisdell.

An indictment under that statute need not contain any averment that the liquors sold were not imported from a foreign country, and sold by the importer thereof in the original casks or packages in which they were imported.

Nor need such indictment specify the particular kind or species of liquor sold. It is sufficient that the offence be set forth in the words of the statute, by charging the respondent with selling a certain quantity of spirituous liquor, contrary to its provisions, and without license, without averring what particular kind of liquor was sold.

THE indictment alleged that the respondent, on the 30th day of November, 1854, at, &c., not being licensed to sell wine and spirituous liquor, did unlawfully sell two quarts of spirituous liquor to one Francis I. Smith, contrary, &c.

On the trial Francis I. Smith was offered as a witness for the State. Evidence was then introduced by the respondent, showing that said Smith had been convicted of breaking a building, with intent to steal, and sentenced to hard labor in the State prison for the term of five years, and had served out his sentence. A pardon, under the great seal of the State, was then produced by the prosecutor, bearing date after the expiration of the sentence, but in terms applying to the offence before referred to. It was contended that by the pardon the competency of the witness was restored ; while on the other side it was objected that a pardon, granted after the sentence was fully executed, could have no such effect. It was also objected, that the pardon did not purport to be a copy of any record.

These objections were overruled, and the witness admitted, and the respondent excepted.

The jury having found a verdict of guilty, the respondent moves for a new trial, by reason of said exception.

The respondent also moves in arrest of judgment :

1. Because it is not alleged in said indictment that said liquors were not imported from some foreign State, country, or port, and contained in the original casks and packages.

2. Because in the indictment the allegation is, that the respondent was not licensed to sell *wine and* spirituous liquors, but it is not alleged that he was not licensed to sell spirituous liquors, which is the offence charged.

State *v.* Blaisdell.

3. The charge of selling spirituous liquors is not sufficiently certain and specific, inasmuch as the particular kind of spirituous liquors should have been specified.

*Flint & Bryant*, for the respondent.

It is submitted that the proper and only province of a pardon is to remit to the condemned some portion of the sentence of the court; some portion of his actual punishment, as ordered and adjudged by the court.

The incompetency of one condemned of an infamous crime is no part of his sentence, no part of his punishment; but it is a rule and principle of the common law, that he who has been convicted of such a crime, and suffered the full measure of punishment due therefor, thus indicating the absence of any mitigating circumstances in his case, and of any redeeming trait in his character, which, if they had existed, would have procured for him a pardon before he had suffered his entire punishment, is not entitled to credit in a court of justice.

The incompetency of an infamous person, then, after he has suffered his entire punishment, furnishes no ground for the operation of an executive pardon. A pardon could no more purge the infamy, and restore competency in this case, than it could make competent him who denies the being of a God.

The disability attached upon the rendition of the judgment of conviction. A pardon and remission of a portion of the punishment indicates that it has been shown that the convict was either innocent, or that he is reformed and worthy of confidence; but when he has suffered his entire punishment there remains no legal mode, aside from an act of the whole government of the State, of removing the presumption of the moral turpitude of his character, and therefore no legal mode of restoring his competency.

2. This indictment should have alleged that the respondent was not licensed to sell spirituous liquors, (Comp. Stat., chap. 123, secs. 5, 6,) the offence charged.

The allegation that he was not licensed to sell wine and spirit-

State *v.* Blaisdell.

uous liquors will not answer, for he might have been licensed to sell spirituous liquors, and not licensed to sell wine and spirituous liquors. *Spiers* v. *Parker*, 1 Term 141 ; 1 Chit. Pl. 334, 335 ; *State* v. *Bailey*, 1 Foster 185 ; *State* v. *Scammon*, 2 Foster 44.

The selectmen " shall license *one or more* suitable persons to sell wine and spirituous liquors." Comp. Stat., chap. 123, sec. 5. They might undoubtedly under this statute license one person to sell wine and another to sell spirituous liquors.

It seems that heretofore indictments have been drawn alleging that the respondent was not licensed to sell wine or spirituous liquors. *State* v. *Foster*, 3 Foster 348.

3. The indictment should state what kind of spirituous liquors are sold, as rum, brandy, or what. Constitution of N. H., Bill of Rights, secs. 15, 16.

Every offence should be stated as definitely as the nature of the case will permit. 3 Bac. Abr., Indict., G, 1, p. 555 ; ditto, Indictment, G, 3, p. 560 ; *Janson* v. *Stuart*, 1 Term 748, 752, 753 ; *Commonwealth* v. *Maxwell*, 2 Pick. 139, 143 ; *Commonwealth* v. *Houghton*, 8 Mass. 107 ; 2 East's P. C. 777.

An indictment for stealing goods and chattels is bad, if the kinds are not specified. 2 Hale P. C. 182 ; *Com.* v. *Maxwell*, 2 Pick. 143 ; *Wyatt* v. *Essington*, 1 Strange 637.

An indictment for obtaining money by false pretences is bad, unless it states what those pretences were. *Rex* v. *Mason*, 2 Term 581 ; *Rex* v. *Munro*, 2 Strange 1127.

It often happens that an indictment following the words of the statute is insufficient. 4 Com. Dig. 687, notes by Thomas Day, (1825,) is generally insufficient. *Commonwealth* v. *Pray*, 13 Pick. 362, Reasons. Public laws, from their general character, must be expressed in general terms, but an indictment for a specific offence should describe that offence in specific and definite terms. Tested by these rules, it seems that the indictment must be held insufficient.

4. Spirits imported according to the law of the United States, and while remaining in the form and condition in which they were

imported, may be lawfully sold by the importer in this State, notwithstanding any law of the State to the contrary. *Brown* v. *Maryland*, 12 Wheaton 419; 6 Cond. R. 554; *License Cases*, 5 Howard 504, 573, 575, 608, 610; *Passenger Cases*, 7 Howard 283, 393, 400, 411.

Any State law undertaking to abridge this right would be unconstitutional and void. Same authorities.

The law of New-Hampshire, then, which prohibits the sale of liquors without a license, must be subordinate to this right. The enacting clause of the law must be held as making an exception of this right; for otherwise, if it undertook to interfere with this right, it is in itself unconstitutional and void.

Of the supreme law of the land, the Constitution of the United States, the State Legislature, and the courts, of course, take notice.

Liquors, then, may be lawfully sold in this State, notwithstanding any State law, and by a right superior to and independent of any State law. This sale, then, may have been lawful. All that is alleged in the indictment may be true, and the defendant innocent. This right to sell liquors, this exception, necessarily implied in the statute upon which this indictment is founded, is certainly of as high a character as if expressed in the enacting clause of the statute. Therefore it should have been noticed and excluded in this indictment. An indictment for selling a small quantity of liquor will be supported by proof of selling any larger quantity. The sale of thirty gallons would certainly be the sale of a pint. *Com.* v. *Odlin*, 23 Pick. 275.

*John H. George*, Solicitor, for the State.

1. Smith was properly admitted to testify. "The disability arising from infamy may be removed in two modes: first, by reversal of judgment; second, by pardon." "The pardon must be proved by the production of the charter of pardon, under the great seal; and though it were granted after the prisoner had suffered the entire punishment awarded against him, yet it has been held sufficient to restore the competency of the witness." 1 Greenl. on Ev., secs. 377, 378, notes, and cases cited.

2. The allegation that the respondent was not licensed to sell wine *and* spirituous liquors, was sufficient. The entire power to license is derived from the statute, which requires the selectmen to license one or more persons to sell wine *and* spirituous liquors ; and provides, further, that if any person, not being licensed *as aforesaid,* shall sell, &c., he shall be punished. Laws of 1849, chap. 846.

The statute gives the selectmen no power to grant a license for the sale of spirituous liquors alone, and the offence being founded wholly upon the statute, the allegation is sufficient.

3. The term, "*spirituous liquors,*" is sufficiently certain and specific.   In *Com.* v. *Odlin,* 23 Pick. 275, the indictment charged that the respondent did sell one pint of spirituous liquor, and the exception was taken that the species of liquor should have been expressed, as brandy, rum, &c.   The court held that this was not necessary, but that it was sufficient to use the words of the statute, "*spirituous liquors,*" and that this was sufficiently specific and certain.

4. The indictment needed not to allege that the liquors were not sold in the original packages in which they were imported. This position is fully considered in our brief in the case of *State* v. *Fuller.*

FOWLER, J.   The first question raised in this case relates to the competency of Smith, and upon that we have no doubt.

The pardon was properly proved by the production of the charter of pardon itself, under the great seal of the State.   The original possessed quite as much authenticity as a copy could, however authenticated.   1 Greenleaf's Evidence 446, and authorities.

The effect of the pardon, although granted after the convict had suffered the entire punishment awarded against him, was to remove the common law disability of incompetency to testify as a witness.   1 Greenl. Ev. 446 ; *United States* v. *Jones,* 2 Wheeler's Cr. Cases 451 ; *People* v. *Pease,* 3 Johnson's Cases 333.

Three objections to the indictment were taken, and have been

insisted upon in the argument, under the motion in arrest of judgment.

The first, that the liquor alleged to have been sold was not averred not to have been liquor imported from a foreign country, and sold by the importer thereof in the original casks and packages in which it was imported, has been fully considered and overruled in *State* v. *Fuller, ante,* 259, decided at the present term, where it was expressly held that no such averment was necessary. The grounds of the decision are set forth at length in the opinion in that case.

The second objection, that the respondent should have been alleged not to have been licensed to sell spirituous liquors, instead of being alleged, as in the indictment, not to have been licensed to sell wine *and* spirituous liquors, cannot prevail. The statute of 1849, under which the present indictment was found, does not authorize the selectmen to grant separate licenses for the sale of wine or spirituous liquors. The language is, " the selectmen of the respective towns shall license one or more suitable persons to sell wine *and* spirituous liquors, for medicinal, mechanical and chemical purposes, and for no other use or purpose." This grant of authority to the selectmen must be construed literally and strictly, and, thus construed, it does not authorize them to divide the subject matter of their licenses, and empower one man to sell wine and another to sell spirituous liquors, for the purposes specified in the act.

Such being the proper construction of the act, the averment of the indictment is obviously sufficient ; for the second section, defining the offence with which the respondent was charged, provides that " if any person, *not licensed as aforesaid,* shall sell any wine or spirituous liquors," &c., evidently meaning, *not licensed to sell wine and spirituous liquors,* as specified in the first section. Laws of 1849, chap. 846 ; Comp. Laws, chap. 123, p. 270.

Whatever doubts might exist on general principles as to the validity of the remaining objection, that the indictment is not sufficiently specific and certain, inasmuch as it does not allege

State *v.* Blaisdell.

the particular kind or species of spirituous liquor sold, the practice in this and other States is too well settled to be overthrown, unless shown to be clearly and palpably wrong.

As a general rule, it is sufficient, in indictments for misdemeanors, to describe the offence in the words of the statute. 1 Archb. Cr. Plead. 88 ; Wharton's Am. Cr. Law 184 ; *Commonwealth* v. *Odlin*, 23 Pick. 275.

This rule was followed in the indictment before us, and we see no sufficient reason for holding it to be insufficient. It is in the form believed to have been almost invariably followed in this State since the passage of the act of 1849, and any decision overruling a practice so long established, and under which so large a number of convictions have taken place, would be attended with an accumulation of evils greatly to be deplored, and should not be made unless absolutely required by the clearest principles of legal and constitutional right. We are not aware of the existence of any such principles. And it may well be doubted whether it would not be found utterly impractible effectually to enforce any law, regulating or restraining the sale of spirituous or intoxicating liquors, if it were settled that the government were bound to allege and prove, in every instance, the precise character of the article sold in violation of law.

The objections taken by the respondent's counsel not prevailing, there must be

*Judgment on the verdict.*